UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUBEN SANCHEZ,

                                 Plaintiff,

          v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security Administration,

                                Defendant.
_____

<u>DECISION AND ORDER</u>

17-CV-6034L

**INTRODUCTION**

Plaintiff Ruben Sanchez brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security that denied his application for disability insurance benefits under Title II of Act. (Dkt. #1). The Court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g).

Plaintiff has moved (Dkt. #9) and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons that follow, the Commissioner's motion is granted, plaintiff's motion is denied, and the Commissioner's decision is affirmed.

**BACKGROUND**

On April 22, 2013, the plaintiff protectively applied for disability insurance benefits with the Social Security Administration ("SSA"). (Dkt. #8 at 107). He alleged disability since

December 20, 2012 due to hypertension, degenerative joint disease, Gilbert's disease (a liver disorder), Type 2 diabetes, hyperlipidemia, chronic obstructive pulmonary disease ("COPD"), glucose intolerance, anxiety, depressive disorder, paroxysmal nocturnal dyspnea (nighttime attacks of severe shortness of breath), and lightheadedness. (Dkt. #8 at 107).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing, which was held July 24, 2015 before administrative law judge ("ALJ") Robert E. Gale. (Dkt. #8 at 112-13, 106-07, 125, 141). On September 25, 2015, the ALJ issued a decision finding that the plaintiff was not disabled within the meaning of the Act. (Dkt. #8 at 28). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 19, 2016. (Dkt. #8 at 1-4). This action followed.

## DISCUSSION

### I. Standard of Review

An ALJ applies a well-established five-step evaluation process to determine whether a claimant is disabled within the meaning of the Social Security Act, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II. The ALJ's Decision

The ALJ found that the Plaintiff suffers from the following severe impairments, not meeting or equaling a listed impairment: mild COPD with chronic bronchitis, and an intellectual

disability. (Dkt. #8 at 18-21). After reviewing the evidence of record, the ALJ determined that the Plaintiff retains the residual functional capacity ("RFC") to lift, carry, push, and pull 25 pounds occasionally and 10 pounds frequently, and can sit, stand and/or walk for up to six hours in an eight-hour workday. He should not use ladders, ropes, or scaffolds, but can frequently climb ramps and stairs. Plaintiff can reach in all directions with his left upper extremity to shoulder level, and can reach with his right upper extremity without any limitations. He has no limitations in handling, fingering, and feeling. He must avoid even moderate exposure to smoke, dust, pulmonary irritants, and extreme temperatures. He can understand, remember, perform, and learn new tasks, maintain attention and concentration, attend to a routine, maintain a schedule, make appropriate decisions, and interact appropriately with others. (Dkt. #8 at 22-23).

At step four, the ALJ determined that the Plaintiff was unable to perform his past relevant work as a spray painter because even though plaintiff had performed some spray painting work during the claimed disability period, the lifting and carrying requirements for the position exceeded his RFC. (Dkt. #8 at 27).

The ALJ elicited testimony from vocational expert ("VE") David A. Festa, who opined that a hypothetical individual sharing plaintiff's age, education, work experience and RFC could perform several positions existing in significant numbers in the national economy, including shipping and receiving weigher, counter clerk, table worker, and food and beverage order clerk. (Dkt. #8 at 68-71). Accordingly, the ALJ concluded that the plaintiff was not disabled under the Act.

The Plaintiff argues that the ALJ's determination contained legal error and is unsupported by substantial evidence, because the jobs identified by the VE do not exist in sufficiently

3

"significant" numbers, and because the ALJ failed to sufficiently account for plaintiff's intellectual disabilities in his RFC.

### A. Jobs Existing in "Significant Numbers" in the National Economy

At step five of the disability analysis, an ALJ considers the claimant's RFC, age, education, and work experience to determine whether there is substantial gainful work activity, existing in "significant numbers" in the national economy, that the claimant can perform. 20 C.F.R. § 404.1520(a)(4)(v). *See Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1179-80 (2d Cir. 1998)). If the Commissioner cannot meet his or her burden to demonstrate that such work exists, then the claimant will be found disabled under the Act. 20 C.F.R. § 404.1520(f).

According to 20 C.F.R. § 404.1566(b), "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations) having the requirements which [the claimant is] able to meet with [his RFC]." The regulations provide that work exists in the national economy when it exists in the local region of the claimant or in various other regions throughout the country. 20 C.F.R. § 404.1566(b). Work may be considered to exist in the national economy regardless of whether it exists in the immediate area of the claimant's residence, whether there is a specific job vacancy, or whether the claimant would be hired upon applying to the position. 20 C.F.R. § 404.1566(a)(1)-(3). An ALJ may rely on the Medical-Vocational Guidelines or upon vocational expert testimony to determine whether the claimant's skills are applicable to other work. 20 C.F.R. § 404.1566(e). No particular number of positions need be identified: so long as it exists in sufficiently significant numbers, "[t]he Commissioner need show only one job existing in the national economy that [the claimant] can perform." *Bavaro v. Astrue*, 413 F. Appx. 382, 384 (2d Cir. 2011) (citing 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1566(b)).

Courts have not established a bright line test as to the threshold number of jobs that is considered "significant" for purposes of the Act. *See e.g.*, *Hamilton v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 223, 229 (N.D.N.Y. 2015) (quoting *Koutrakos v. Colvin*, 2015 U.S. Dist. LEXIS 31524 at *69 (D. Conn. 2015)) ("[n]either the Social Security Act, nor the Commissioner's Regulations or Rulings provide a definition for a 'significant' number of jobs"). However, "[c]ourts have generally held that what constitutes a 'significant' number is fairly minimal," and numbers similar to those presented here – between 9,000 and 10,000 jobs – have typically been found to be sufficiently "significant" to meet the Commissioner's burden. *Rosa v. Colvin*, 2013 U.S. Dist. LEXIS 43215, at *26 (N.D.N.Y. 2013) (quoting *Fox v. Comm'r of Soc. Sec.*, 2009 U.S. Dist. LEXIS 11387 at *8 (N.D.N.Y. 2009)). *See Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (concluding that 200 regional jobs and 10,000 nationwide is significant); *Hoffman v. Astrue*, 2010 U.S. Dist. LEXIS 26207 at *15, 43 (W.D. Wash. 2010) (9,000 jobs in the national economy is significant), *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 26145 (W.D. Wash. 2010); *Vinning v. Astrue*, 720 F. Supp. 2d 126, 136 (D. Me. 2010) (30 regional jobs and 11,000 nationwide is significant); *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (6,000 nationwide jobs is significant). *Cf. Hamilton v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 223, 231 (N.D.N.Y. 2015) (13 regional jobs and 5,160 jobs in the national economy is *not* significant).

Here, the VE's testimony established that there are, at minimum, 9,046 jobs existing in the national economy that plaintiff can perform. (Dkt. #8 at 73, 75). This number of jobs is consistent with those found to be "significant" under the Act by other courts examining the issue, and I find no reason to disturb that consensus. As such, I find that the ALJ did not err when he determined that the claimant could perform jobs existing in significant numbers in the national economy.

5

### B. The ALJ's Evaluation of Plaintiff's Alleged Intellectual Impairment

The Plaintiff argues that the ALJ erred by crafting an RFC that failed to limit him to unskilled work, or to otherwise account for plaintiff's limitations with respect to intellectual functioning, abstract reasoning, immediate memory, and math skills.

Although the record does contain some evidence suggesting that plaintiff has difficulties with respect to complex reasoning, and had difficulty with academic coursework in his regular education classes, substantial evidence supports the ALJ's finding that plaintiff's intellectual limitations are no more than "moderate." As the ALJ noted, plaintiff attended regular (non-special education) classes in school, obtained a driver's license, independently managed his own household and personal care, and worked for nineteen years in the semi-skilled position of spray painter. (Dkt. #8 at 20). Plaintiff never received mental health treatment, nor were any mental limitations documented by any treating physician. *Id*.

Dr. Sara Long, a psychologist who performed consultative psychological and psychiatric examinations of plaintiff, observed that plaintiff was "coherent and goal directed," with "no indication of any sensory or thought disorder." She found that plaintiff has "no limitations" in following and understanding simple directions and performing simple tasks, and could maintain attention and concentration, keep a regular schedule, and learn new tasks. The only substantive limitations identified by Dr. Long, variously characterized as "moderate" and "moderate, at times marked," were with respect to engagement in complex tasks and decision-making. Citing their consistency with the record as a whole, the ALJ gave "great weight" to Dr. Long's opinions, and explicitly incorporated all of her findings into plaintiff's RFC except for the "moderate, at times marked" limitations in complex tasks and decision-making: instead, the ALJ found that the record supported "no more than moderate" mental limitations. (Dkt. #8 at 21, 406-08, 410-13).

Initially, the Court notes that the ALJ's finding that plaintiff's mental limitations are "no more than moderate" is supported by substantial evidence of record, including plaintiff's absence of mental health complaints and/or treatment, plaintiff's previous nineteen-year tenure in a semi-skilled position, and plaintiff's self-reported ability to take care of himself and manage his household.

Assuming *arguendo* that the ALJ erred in failing to explicitly incorporate moderate limitations with respect to complex tasks and decision-making into his RFC finding, and/or erred by failing to limit plaintiff to unskilled work, such error is harmless. The four jobs identified by the vocational expert are all unskilled positions, which can be performed by individuals with moderate mental deficiencies. *See Akey v. Astrue*, 467 F. Appx. 15, 17 (2d Cir. 2012) (ALJ's failure to include a limitation to unskilled and semi-skilled work is harmless because the only jobs the vocational expert identified were unskilled or semi-skilled); *Cummings v. Commissioner*, 2018 U.S. Dist. LEXIS 80593 at *20 n.3 (N.D.N.Y. 2018) (a marked limitation for "complex tasks" is "not inconsistent with the ability to perform unskilled work"); *Call v. Commissioner*, 2017 U.S. Dixt. LEXIS 73938 at *11 (N.D.N.Y. 2017) (an "RFC determination limiting Plaintiff to unskilled work is not inconsistent with opinions that Plaintiff has marked limitation[s] in performing complex work"); *Walsh v. Colvin*, 2016 U.S. Dist. LEXIS 54946 at *20 (D. Conn. 2016) (ALJ's error in finding that the claimant could carry out complex instructions was harmless where the VE identified jobs that only required remembering and carrying out simple instructions).

I have considered the rest of plaintiff's arguments, and find them to be without merit.

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence and that any legal error therein was harmless. The Commissioner's motion for judgment on the pleadings (Dkt. #13) is granted, and the plaintiff's motion for judgment on the pleadings (Dkt. # 9) is denied. The Commissioner's decision that plaintiff is not disabled is affirmed, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 3, 2018.